UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA

                   -against-

FERMIN GONZALEZ,

                              Defendant.
-----------------------------------------------------------------X

95-CR-721
(TCP)

MEMORANDUM
AND
ORDER

PLATT, District Judge.

       Before the Court is a letter/motion request to amend Defendant's Sentence Nunc Pro Tinc [sic], or alternatively pursuant to Rule 60(a) of the Federal Rules of Civil Procedure. Pursuant to a remand from the Second Circuit Court of Appeals, on March 17, 2000, Defendant was resentenced in accordance with the precise requests of Defendant and Defendant's attorney to 114 months imprisonment, with the sentence to begin on that date and without credit for time served. Defendant and the Government waived any further right to appeal that sentence.

       Thereafter, by letters dated December 22, 2000, and October 27, 2002, Defendant requested that the Court credit him for time served prior to the imposition of his sentence. By letter dated November 14, 2002, the undersigned's Courtroom Deputy advised Defendant that his sentence had been imposed in

1

accordance with his wishes, and that in any event, he had waived his right to appeal. On March 24, 2003, Defendant moved pursuant to Rule 36 of the Federal Rules of Criminal Procedure to amend the judgment. On that same date, the Court denied Defendant's motion. On June 23, 2003, Defendant moved pursuant to 18 U.S.C. § 3582(c)(2) for a modification of his sentence. On August 20, 2003, that motion was similarly denied. Defendant now moves to amend *nunc pro tunc*, or alternatively pursuant to Rule 60(a) of the Federal Rules of Civil Procedure.

As a preliminary matter, on March 17, 2000, Defendant waived his right to appeal any matters concerning his sentence. Moreover, as described above, the Court has previously considered and denied four prior requests from Defendant to amend his sentence. Whether Defendant chooses to title his request a motion to amend, a motion for modification, a motion to correct, or a motion to amend *nunc pro tunc*, Defendant's requests, in whatever form they are titled, essentially amount to motions to amend his sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure. See Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001) ( " . . . the name makes no difference. It is substance that controls.").

Rule 35(a) requires that any motion to correct a sentence be brought within seven (7) days of sentencing. As such, a motion to correct or

2

reduce Defendant's sentence is time-barred. Moreover, Rule 60(a) is a rule of civil procedure and is thus inapplicable in the instant case. The Court surmises that Defendant has brought this request pursuant to Rule 60(a) because it does not contain a time limitation. In any event, Defendant's instant letter/motion presents no new facts or circumstances that would cause the Court to reconsider its prior orders.

Accordingly, Defendant's letter/motion is denied. Any future request or motion by Defendant that bears upon the matters addressed herein will be summarily rejected.

SO ORDERED.

    s/s Thomas C. Platt
Thomas C. Platt, U.S.D.J.

Dated: Central Islip, New York
       March 20, 2006